**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SANFORD B. SCHUPPER,

      Plaintiff-Appellant,

v.

FOURTH JUDICIAL DISTRICT
ATTORNEYS OFFICE FOR THE
STATE OF COLORADO,

      Defendant-Appellee.

No. 99-1402
(D.C. No. 98-B-2029)
(D. Colo.)

ORDER AND JUDGMENT *

Before **TACHA** , **PORFILIO** , and **EBEL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In his district court complaint, plaintiff Sanford B. Schupper sought a preliminary restraining order and temporary and permanent injunctions enjoining defendant Fourth Judicial District Attorneys Office for the State of Colorado from obtaining further disclosures of Mr. Schupper's financial records from various banking and financial institutions. Mr. Schupper contended that defendant had obtained his banking and financial records in violation of the Right to Financial Privacy Act (RFPA), 12 U.S.C. §§ 3401-3422. Mr. Schupper appeals the district court's dismissal of his complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). On appeal, Mr. Schupper claims that the district court erred (1) in finding that the RFPA does not apply to state and local authorities, and (2) in finding that the RFPA did not apply in light of alleged FBI involvement in the case. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The legal sufficiency of a complaint is a question of law; hence a Rule 12(b)(6) dismissal is reviewed *de novo*. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.* (quotation

omitted).  In reviewing the district court's grant of a Rule 12(b)(6) motion to dismiss,

> all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party.  A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Id.* (citations and quotations omitted).

Mr. Schupper asks this court to find that the district court's dismissal of his action on the basis of an insufficient complaint was in error.  Mr. Schupper's appendix does not, however, contain a copy of the complaint filed in the district court.  "'[I]t is counsel's responsibility to see that the record on appeal is sufficient for consideration and determination of the issues on appeal.'"  *Roberts v. Roadway Express, Inc.*, 149 F.3d 1098, 1105 n.3 (10th Cir. 1998) (*quoting* 10th Cir. R. 10.3).  This responsibility to the record on appeal is equally as applicable to an appellant's appendix.  *See Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1237 n.15 (10th Cir. 1999).

This court may decline to review an issue where counsel does not fulfill the responsibility to provide a document necessary for consideration and determination of the issue.  *See Gowan v. United States Dep't of Air Force*, 148 F.3d 1182, 1192 (10th Cir.), *cert. denied*, 525 U.S. 1042 (1998); *see also Rios v. Bigler*, 67 F.3d 1543, 1553 (10th Cir. 1995) ("It is not this court's burden

-3-

to hunt down the pertinent materials. Rather, it is Plaintiff's responsibility as the appellant to provide us with a proper record on appeal."). Here, Mr. Schupper challenges the district court's determination that his complaint was insufficient to state a cognizable claim. We cannot review the district court's decision without review of Mr. Schupper's complaint. *See, e.g., United States v. Vasquez*, 985 F.2d 491, 494 (10th Cir. 1993) ("When the record on appeal fails to include copies of the documents necessary to decide an issue on appeal, the Court of Appeals is unable to rule on that issue."). Therefore, by failing to include the complaint as part of his appendix, Mr. Schupper waives any claims concerning the district court's finding of insufficiency. [1]

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

---

[1]     Although we premise our affirmance of the district court's dismissal of plaintiff's complaint on his failure to provide an adequate record for review, we have, to the extent possible, considered plaintiff's arguments, and we find them to be without merit.